IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-mc-00046-PAB

GOD'S STOREHOUSE TOPEKA CHURCH,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

## ORDER

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 32]. The magistrate judge recommends that the Court: (1) grant respondent's motion for summary denial, (2) deny petitioner's motion to quash, and (3) deny petitioner's motion for discovery. Docket No. 32 at 30. Petitioner God's Storehouse Topeka Church ("GSH") filed an objection to the recommendation on March 9, 2023. Docket No. 33. On March 23, 2023, respondent responded. Docket No. 34.

## I. BACKGROUND

GSH is a not-for-profit corporation incorporated in the state of Kansas. Docket No. 1 at 3, ¶ 5. GSH self-declares as a church for tax purposes. Docket No. 9-1 at 3, ¶ 8. Richard Kloos serves as GSH's president and is a member of the Board of Directors. Docket No. 12-1 at 2, ¶ 2. In 2020, Mr. Kloos ran a successful campaign for the Kansas Senate. Docket No. 1 at 4, ¶ 11. During the campaign, Mr. Kloos distributed and posted campaign signs that stated: "Rick Kloos Kansas Senate" and "Founder of God's Storehouse." *Id.*

On February 24, 2021, the Internal Revenue Service ("IRS") assigned Agent Kesroy Henry to determine whether GSH may owe unrelated business income tax or additional employment taxes. Docket No. 9-1 at 2, ¶ 4; Docket No. 9 at 1. Agent Henry noted that GSH operates a thrift store and coffee shop. Docket No. 9-1 at 3, ¶ 8. He failed to discover any information on GSH's website about church services. *Id.*, ¶ 9. After reviewing GSH's records, Agent Henry determined that GSH did not pay the IRS any employment taxes on the gross wages for Mr. Kloos in 2019 or 2020. *Id.* at 3–4, ¶ 11.

Agent Henry received approval to open a church tax inquiry from the Commissioner of the Tax Exempt and Government Entities Division of the IRS. *Id.* at 4, ¶¶ 13–14. The IRS issued a Notice of Church Tax Inquiry ("NCTI") to GSH, asking it to respond to a number of questions. *Id.*, ¶ 14. Agent Henry found GSH's responses lacking and received approval from the Commissioner to begin a church tax examination. *Id.* at 5, ¶¶ 16, 17. As part of the church tax examination, the IRS contacted third parties. *Id.* at 6, ¶¶ 22, 26. One such third party was FISERV, which processed credit card payments for GSH, primarily regarding thrift-store transactions. *Id.*, ¶ 26. The IRS issued a summons to FISERV, directing a FISERV representative to produce all documents in FISERV's possession concerning GSH's merchant account. *Id.* at 7, ¶ 27.

On February 28, 2022, GSH filed the petition before the Court, seeking to quash the FISERV Summons. Docket No. 1. The IRS filed the motion for summary denial of petitioner's request to quash on May 19, 2022. Docket No. 9. On January 6, 2023, GSH filed a motion seeking limited discovery in this matter. Docket No. 27. On

2

February 22, 2023, Magistrate Judge Scott Varholak recommended that the Court grant the IRS's motion and deny GSH's motions. Docket No. 32 at 30. GSH objected. Docket No. 33.

First, GSH argues that Judge Varholak was wrong in concluding that the third-party summons issued to FISERV was not subject to 28 U.S.C. § 7611. *Id.* at 2. GSH maintains that § 7611 provides various procedural requirements that "are a condition precedent to the issuance of any valid third-party summons issued pursuant to a church tax examination." *Id.* Because GHS claims that the requirements of § 7611 were not met by the IRS, GSH argues that the summons should be quashed. *Id.* at 2–8.

Next, GSH asserts that, even if § 7611 does not apply to third-party summons in a church tax examination, Judge Varholak incorrectly concluded that the IRS made a prima facie showing that the summons was issued in good faith under the factors laid out in *United States v. Powell*, 379 U.S. 48, 57-58 (1964). *Id.* at 9. GSH primarily argues that the IRS failed to show that the summons was issued for a legitimate purpose because "the underlying reasons for the investigation are based on speculation, factual inaccuracies, and a lack of evidence." *Id.* at 10. Instead, GSH suggests that the IRS's investigation is the result of "political and partisan motives" at the behest of Mr. Kloos's political opponents and the Freedom From Religion Foundation ("FFRF"). *Id.* at 12.

As part of its investigation into GSH, the IRS issued a summons to Kaw Valley Bank. *God's Storehouse Topeka Church v. United States*, 2024 WL 1515742, at *1 (10th Cir. Apr. 9, 2024). GSH filed a motion to quash the Kaw Valley Bank summons in the United States District Court for the District of Kansas. *Id.* at *3. The court denied

3

GSH's motion and GSH appealed. *Id.* at *4. On appeal, GSH pursued the same argument that the IRS's third-party summons was required to comply with the requirements of § 7611. *Id.* The Tenth Circuit rejected GSH's argument, holding that "[t]he relevant statutory language and applicable case law are harmonious: the requirements in § 7611 for initiating church tax inquiries and examinations do not apply to a third-party summons, even if summonses are issued in connection with such inquiries and examinations. Instead, IRS must satisfy the requirements set out in § 7609, as incorporated into and analyzed by *Powell*, when it summonses materials from a third party in this context." *Id.* at *6.

## II. LEGAL STANDARD

The IRS is "authorized and required to make the inquires, determinations, and assessments of all taxes" imposed by law. 26 U.S.C. § 6201(a). This includes the ability to "issue summonses '[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability.'" *United States v. Clarke*, 573 U.S. 248, 250 (2014) (quoting 26 U.S.C. § 7602(a)). "The IRS has authority to issue summonses to the subject taxpayer and to third parties who may have relevant information." *Standing Akimbo, LLC v. United States*, 955 F.3d 1146, 1154 (10th Cir. 2020) (citing 26 U.S.C. § 7602(a)(2); *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1181 (10th Cir. 2019)). In issuing a third-party summons under § 7602(a)(2), the IRS must follow specific notice procedures. *See* 26 U.S.C. § 7609(c)(1) ("[Subject to exceptions not applicable here], this section shall apply to any summons issued under paragraph (2) of section 7602(a).").

4

The affected taxpayer may file a petition to quash the third-party summons in federal court. *Id.*, § 7609(b)(2). The IRS bears the initial burden of showing the summons' prima facie validity in a proceeding on a petition to quash. *High Desert Relief*, 917 F.3d at 1182. This requires the IRS to make a showing that: (1) "the investigation will be conducted pursuant to a legitimate purpose;" (2) "the inquiry may be relevant to [that] purpose;" (3) "the information sought is not already within the [IRS's] possession;" and (4) "the administrative steps required by the Code have been followed – in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *Powell*, 379 U.S. 48 at 57–58. The IRS's initial burden to show "that it meets the *Powell* factors 'is a slight one,' primarily because the tax code 'must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *High Desert Relief*, 917 F.3d at 1182 (quoting *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985)). "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *Id.* at 1182–83 (quotation omitted). Upon making this prima facie showing of validity, "[t]he burden then shifts to the taxpayer to factually refute the *Powell* showing or factually support an affirmative defense – conclusory allegations are insufficient." *Standing Akimbo*, 955 F.3d at 1155 (citing *Balanced Fin. Mgmt.*, 769 F.2d at 1444). "This is a heavy burden." *Id.* (citation omitted).

The recommendation reviewed IRS's motion for summary denial under the standard for summary judgment pursuant to Federal Rule of Civil Procedure 56 because the motion required the court to review declarations and affidavits outside of

5

the petition. Docket No. 32 at 6. GSH has not objected to Judge Varholak's use of the summary judgment standard, and the Court will apply the same standard. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56'" (quoting Fed. R. Civ. P. 12(d))).

Accordingly, the Court will "view the record in the light most favorable to [petitioner] and ask whether the IRS has shown that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law." *Standing Akimbo*, 955 F.3d at 1156 (quoting *High Desert Relief*, 917 F.3d at 1181). "Notably, [the] traditional summary-judgment standard of review precludes [petitioner] from resting on conclusory statements because such statements do not suffice to create a genuine issue of material fact." *Id.* (citation and quotations omitted).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

## III.  ANALYSIS

To the extent that GSH's objection argues that the recommendation failed to apply the correct legal standard because third-party summons are governed by the procedures in 28 U.S.C. § 7611 and not by the application of the *Powell* factors, the Court will deny the objection. The Tenth Circuit has rejected GSH's argument and

found that the IRS's ability to issue third-party summons is governed by *Powell*, even in church tax examinations. *God's Storehouse Topeka Church*, 2024 WL 1515742, at *6 (citing with approval Judge Varholak's recommendation, *God's Storehouse Topeka Church v. United States*, No. 22-mc-00046-PAB, 2023 WL 2824525, at *12 (D. Colo. Feb. 22, 2023)).

The Court turns to GSH's objection that Judge Varholak misapplied the *Powell* factors. Docket No. 33 at 9. GSH asserts that the IRS has failed to establish that the investigation will be conducted pursuant to a legitimate purpose. *Id.* (citing *Powell*, 379 U.S. at 58). GSH states that "it is proper for the 'court to inquire into the underlying reasons for the examination. It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused.'" *Id.* (citing *Powell*, 379 U.S. at 58).

GSH argues that there is an insufficient "grounding in fact to legitimize the purposes of this examination."[1] *Id.* at 11. GSH contends that the "only concrete 'fact' suggesting that the Church 'is operating as a thrift shop rather than as a church' instead of a 'church operating a thrift shop' is that Agent Henry could not locate the Church's

---

[1] The objection also asserts that "Agent Henry's affidavit is based on an incorrect understanding of churches' tax-exempt status under federal tax law." Docket No. 33 at 10. GSH does not explain what relevance Agent's Henry's understanding of tax law has to Judge Varholak's order. As such, this objection is unspecific, and the Court need not consider it. Furthermore, GSH's argument regarding its tax exempt status under § 501(c)(3) assumes too much. Agent Henry is investigating whether or not GSH is a church for tax purposes. As such, GSH's reliance on the fact that churchs are conconsidered tax exempt organizations does not call into question Agent Henry's investigation. GSH further argues that the IRS has failed to prove a legitimate purpose because it has failed to sufficiently explain the concerns which give rise to inquiry as required by § 7611. *Id.* The Tenth Circuit has rejected that § 7611 is applicable to third-party summons. *God's Storehouse Topeka Church*, 2024 WL 1515742 at *5. The Court will not therefore incorporate § 7611's requirements into the first *Powell* factor.

7

dates and times of weekly services on the internet." *Id.* (quoting Docket No. 9-1 at 3, ¶ 9). GSH asserts that the only fact upon which the IRS relied to initiate its investigation into whether it engaged in political campaign intervention is Mr. Kloos's use of the phrase "Founder of God's Storehouse" on his political signs. *Id.* at 2. Finally, GSH claims that the IRS had no concrete facts to rely on to investigate whether it owed unrelated business income tax for its sale of coffee because Agent Henry's preliminary investigation showed that GSH sells coffee to patrons at cost. *Id.* at 13. GSH argues these facts are insufficient grounds for the IRS to initiate a church tax inquiry. *Id.* at 11–12.

GSH also maintains that Judge Varholak mischaracterizes GSH's arguments as requesting the Court to stand in the shoes of the IRS and assess the merits of GSH's claim that it is a church. *Id.* at 13. Instead, it insists that it is only asking the Court to assess the underlying reasons for the examination. *Id.* GSH claims that Judge Varholak improperly disregarded evidence that the IRS's investigation was initiated because the FFRF sent the IRS a letter suggesting that GSH had committed tax violations. *Id.* at 12. GSH further argues that Judge Varholak "ignored the evidence of the IRS's past actions regarding the targeting of nonprofit organizations." *Id.* It asserts that this evidence, viewed in the light most favorable to GSH, is sufficient to support an inference that the IRS's investigation is being conducted for an illegitimate purpose and that this inference is sufficient to defeat summary judgment. *Id.* at 12–13.

The recommendation states that "Agent Henry attests that he issued the FISERV Summons in order to assist in determining whether Petitioner is properly classified as a tax-exempt church, engaged in prohibited political intervention, or is liable for

8

unreported taxes." Docket No. 32 at 16. Judge Varholak concluded that "[t]hese purposes are plainly proper." *Id.* at 16–17 (citing *Clarke*, 573 U.S. at 250 (emphasizing that the IRS has "broad latitude to issues summonses 'for the purpose of ascertaining the correctness of any return [and] determining the liability of any person for any internal revenue tax'" (quoting 26 U.S.C. § 7602(a))). Judge Varholak explained that the IRS is not required to make a "showing of cause for suspecting fraud" and that a reviewing court "may ask only whether the IRS issues a summons in good faith." *Id.* at 17 (quoting *Powell*, 379 U.S. at 57 and *Clarke*, 573 U.S. at 254). Judge Varholak found that GSH's "proposed inferences miss the point. At this stage, the Court's task is to evaluate the IRS's good faith in undertaking the investigation, as measured by the *Powell* factors." *Id.* at 18 n.10. Judge Varholak determined that GSH's proposed inferences "relate to the merits of the IRS's ongoing investigation as opposed to the IRS's good faith in undertaking the investigation [and] are immaterial to the analysis at hand." *Id.* The recommendation expressly addresses the FFRF letter. *Id.* at 19. Judge Varholak found that GSH "has made a valid factual allegation that the FFRF sent a letter to the IRS requesting that the IRS investigate Petitioner on various grounds." *Id.* Judge Varholak explained that, while "it may be that the FFRF acted with political motivations in notifying the IRS of Petitioner's potential tax violations," GSH's "allegation that the IRS received a politically motivated tip regarding [GSH] does not meet [GSH's] 'heavy burden' to factually refute the IRS's prima facie showing of a proper purpose." *Id.* (citing *Standing Akimbo*, 955 F.3d at 1155).

The Court finds that GSH has failed to show that Judge Varholak erred in determining that the IRS made a prima facie showing that its investigation was made

pursuant to a legitimate purpose and that GSH has failed to meet its heavy burden to factually refute the IRS's *Powell* showing.  The Court finds Agent Henry's affidavit, that indicates the summons was issued to assist the IRS in determining whether GSH is properly classified as a tax-exempt church, whether GSH engaged in prohibited political intervention, and whether GSH is liable for unreported taxes, is sufficient to meet the IRS's "slight" burden to meet the first *Powell* factor.  *See High Desert Relief*, 917 F.3d at 1183 (quoting *Sugarloaf Funding, LLC v. U.S. Dep't of the Treasury*, 584 F.3d 340, 345 (1st Cir. 2009) ("An affidavit of the investigating agent that the *Powell* requirements are satisfied is sufficient to make the prima facie case.")); *see also United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987); *In re Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982); *United States v. Kis*, 658 F.2d 526, 538 (7th Cir. 1981); *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979).  GSH does not dispute that the purposes for third-party summons stated by Agent Henry are legitimate.  *See* Docket No. 33 at 9–14.  Rather, GSH suggests that the facts relied upon by Agent Henry are insufficient grounds for a church tax investigation.  *Id.*  GSH has not shown why Judge Varholak's reliance on Agent Henry's affidavit, which identifies legitimate purposes, is not, by itself, sufficient to support a prima facie showing on the first *Powell* factor, regardless of the facts that Agent Henry purports to have relied on in determining that a church tax examination is warranted.  *See Sugarloaf Funding, LLC*, 584 F.3d at 345 ("An affidavit of the investigating agent that the *Powell* requirements are satisfied is sufficient to make the prima facie case.").  Furthermore, GSH provides no support for its contention that an IRS agent's inability to locate

information about church services on GSH's website, the fact that GSH sells coffee to patrons, and the fact that Mr. Kloos's political campaign signs state that he is the founder of GSH fail to provide a sufficient basis for further investigating GSH's assertion that it is eligible for treatment as a church under the tax code.  Given that the Supreme Court has expressly rejected the idea that the IRS must make a "showing of cause for suspecting fraud," *Powell*, 379 U.S. at 53, and that the IRS must meet only a "slight" burden in making a prima facie showing on the *Powell* factors, the Court finds that Agent Henry's affidavit provides sufficient grounds to show the summons was issued pursuant to legitimate purposes.

The Court finds that GSH has also failed to meet its "heavy burden" to factually refute the IRS's prima facie *Powell* showing.  *Standing Akimbo*, 955 F.3d at 1155.  Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotations and citation omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  This

summary judgment standard is consistent with the burden GSH faces to receive an evidentiary hearing on its motion to quash. The Supreme Court has held that:

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. And although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive.

*Clarke*, 573 U.S. at 254–55.

While both Rule 56 and *Clarke* require a court to make plausible inferences in a taxpayer's favor, GSH has failed to point to specific facts and circumstances that plausibly raise an inference of bad faith. As Judge Varholak explained, GSH has shown that the FFRF may have had an improper motive in notifying the IRS about GSH's alleged tax violations, but GSH has failed to make any showing that can impute this improper purpose to the IRS. Docket No. 32 at 19 ("And it may be that *the FFRF* acted with political motivations in notifying the IRS of Petitioner's potential tax violations. But Petitioner's allegation that *the IRS* acted with the same political purpose in undertaking an investigation into Petitioner's status and tax liability is conclusory.").

Furthermore, GSH is incorrect that Judge Varholak "ignored the evidence of the IRS's past actions regarding the targeting of nonprofit organizations." Docket No. 33 at 12. Judge Varholak expressly addressed GSH's evidence. The recommendation states that GSH "cites to nearly decade-old findings by the United States House of Representatives and the Treasure Inspector General for Tax Administration that one specific former IRS official had used her influence to improperly target organizations for

12

partisan purposes. That former official has no apparent or alleged connection to the investigation at issue, and the Court declines to find that a congressional or agency finding of bad faith by a former agency official imputes a reasonable inference of bad faith to the entire agency nearly a decade later." *Id*. at 20–21 n.12 (internal citations omitted). The Court agrees. GSH has failed to identify specific facts that show that Agent Henry or the IRS issued the summons for the partisan purposes alleged by GSH. That a political opponent may stand to gain from an inquiry into GSH's tax-exempt status is irrelevant to whether GSH has benefited from special tax treatment that it may not be entitled to. Because GSH has failed to demonstrate specific facts and circumstances that give rise to a plausible inference of bad faith, GSH has failed to refute the IRS's prima facie showing on the first *Powell* factor and has failed to demonstrate that it is entitled to examine IRS agents under *Clarke*.

GSH's other objections to Judge Varholak's determination that the IRS satisfied its burden under *Powell* are either perfunctory or rely on an incorrect understanding of the IRS's obligations under § 7611. GSH's arguments under § 7611 have been rejected by the Tenth Circuit, and the Court will not consider them. The Court also need not consider GSH's remaining perfunctory arguments. *Elide Fire USA, Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-WJM-KLM, 2022 WL 18777076, at *3 (D. Colo. Nov. 17, 2022) (citing *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (a court "is not required to consider arguments inadequately presented")); *see also Halik v. Darbyshire*, No. 20-cv-01643-PAB-KMT, 2021 WL 4305011, at *2 (D. Colo. Sept. 22, 2021) (citing *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort

at developed argumentation."). Because GSH has failed to show Judge Varholak erred in any findings of fact or conclusions of law in his recommendation, the Court will overrule GSH's objection and will adopt the recommendation.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 32] is **ACCEPTED**. It is further

**ORDERED** that Petitioner's Objection to Recommendation of United States Magistrate Judge [Docket No. 33] is **OVERRULED**. It is further

**ORDERED** that petitioner's Verified Petition to Quash Internal Revenue Service Third-Party Summons [Docket No. 1] and God's Storehouse Topeka Church Motion for Limited Discovery with Incorporated Brief in Support [Docket No. 27] are **DENIED**. It is further

**ORDERED** that United States' Motion for Summary Denial of Verified Petition to Quash Internal Revenue Service Third-Party Summons [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that this case is closed.

DATED January 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge